**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE THE COMPLAINT AND PETITION OF LADON SHIPPING PTE. LTD., AS OWNER OF THE VESSEL YANGZE 7, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY** | § § § § § § § | **C.A. NO.** |

**VERIFIED COMPLAINT AND PETITION OF LADON SHIPPING PTE. LTD., AS OWNER OF THE VESSEL YANGZE 7, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME**

Petitioner, Ladon Shipping Pte. Ltd., as owner of the M/V YANGZE 7*,* its engines, tackle, etc., (hereinafter "Ladon" or "Petitioner" ), in a cause of exoneration from or limitation of liability files this its Complaint and Petition and as cause alleges as follows:

**I.**

1. This is an admiralty or maritime law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").

**II.**

2. Jurisdiction exists pursuant to the Admiralty and Maritime jurisdiction of this Honorable Court, 28 U.S.C. § 1333 and the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.,* as amended 46 U.S.C. § 30501 *et seq.* Venue is proper in the United States District Court for the Southern District of Texas under Rule F(9) of the Supplemental Rules because the M/V YANGZE 7 has been arrested in this judicial district.

**III.**

3. At all relevant times, Petitioner was and is a business organized and existing under the laws of the Republic of Liberia with an office and place of business c/o Yangzijiang Shipping Pte. Ltd., 41-02, Hong Leong Building, 16 Raffles Quay, Singapore 048581 and is the owner of the M/V YANGZE 7 (sometimes referred to as the "Vessel").

4. At all relevant times, the M/V YANGZE 7, IMO Number 9718911, is a 2014 built bulk carrier flying the flag of the Republic of Liberia of approximately 36,426 gross tons.

**IV.**

5. Petitioner used due diligence at all times to make and maintain the M/V YANGZE 7 in all aspects seaworthy, and prior to the Incident described herein, the M/V YANGZE 7 was and is in all respects seaworthy, and it was properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

**V.**

6. On July 19, 2024, the M/V YANGZE 7 was on the navigable waters of the Houston Ship Channel transiting inbound to Kinder Morgan Bulk Terminal to load a cargo of pet coke. The voyage commenced from the Galveston Anchorage on or about 1000 hours LT on July 19, 2024, and terminated on the same day at Kinder Morgan Bulk. During the voyage, when the M/V YANGZE 7 was at or about Light 122, in the vicinity of the Lynchburg Ferry, the vessel was involved with an Incident with the tug MISS PEGGY, resulting in the capsizing and sinking of the tug, and the death of one crew member aboard the tug with the other four tug crew rescued from the water (the "Incident").

**VI.**

7. This Complaint is filed within six (6) months from the date Petitioner first received any notice of a limitable claim.

**VII.**

8. The aforementioned Incident was not due to any fault, neglect, or want of care on the part of Petitioner or the M/V YANGZE 7 or anyone for whom Petitioner may be responsible.

9. The aforementioned Incident, and the resulting losses and damages, liability for which is specifically denied by Petitioners, was done, occasioned or occurred without the fault, privity, or knowledge of Petitioner.

**VIII.**

10. As a result of the aforementioned Incident, one crew member aboard the MISS PEGGY died, and four other crew members were rescued.

11. Upon information and belief, Petitioner, as of this date, is aware of the following suits having been filed as a result of the Incident:

- Civil Action No. 4:24-cv-2705, *Houston Fleeting Services LLC v. M/V YANGZE 7, in rem and Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte. Ltd,, Shanghai Run Yuan Shipping Management Co., Ltd., in personam*; In the United States District Court for the Southern District of Texas, Houston Division

- Civil Action No. 4:24-cv-2739, *Richard Ancar v. M/V YANGZE 7, in rem and Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte. Ltd,, Shanghai Run Yuan Shipping Management Co., Ltd., in personam*; In the United States District Court for the Southern District of Texas, Houston Division

- Cause No. 2024-46590, *Richard Ancar v. Master of M/V YANGZE 7, Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte. Ltd., and Shanghai Run Yuan Shipping Management Co., Ltd.*

12. Petitioner anticipates that the other tug crew members may make claims against Petitioner as a result of the Incident.

**IX.**

13. The Ship Valuation of English White Shipping Limited reflects that the M/V YANGZE 7 had a value of $23,000,000 at the time of the Incident (see Declaration of of Anthony Charles English attached as Exhibit A). Petitioner reserves the right to supplement and amend this paragraph as further facts are developed.

14. The total charter hire for the voyage in question was Six Hundred Eighty Thousand and No/100 Dollars ($680,000.00). (See Affidavit of Kevin P. Walters, attached as Exhibit B).

**X.**

15. Petitioner herewith submits for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Assuranceforeningen SKULD (Gjensidig) in the sum of Twenty-three Million, Six Hundred Eighty Thousand and No/100 Dollars ($23,680,000), plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the M/V YANGZE 7 and her appurtenances, plus freight pending, plus the supplemental personal injury fund. (See Letter of Undertaking, attached as Exhibit C).

**XI.**

16. Petitioner claims exoneration from and limitation of liability from any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned Incident and for any and all claims therefor. Petitioner maintains it has valid defenses thereto on the facts and on the law, and further alleges that the Incident occurred without the privity and knowledge of Petitioner. Alternatively, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.,* and, to that end, Petitioner herewith deposits into the registry of the Court, as security for the benefit of all potential claimants, the aforementioned Letter of Undertaking.

**XII.**

17. Should the Petitioner be found liable and the amount or value of Petitioner's interests in the M/V YANGZE 7, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

**XIII.**

18. All and singular the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, the Petitioner Ladon Shipping Pte. Ltd. prays that:

(1) This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioner as security for the amount or value of its interest in the M/V YANGZE 7 as an ad interim stipulation of value;

(2) This Court issue an Order directing the issuance of a Monition to all persons, firms or corporations who might have any claim arising out of the Incident in question against the M/V YANGZE 7, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for the Petitioner on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before this Court as the Court may later direct,

and also to appear and answer the allegations of this Petition according to the law and rules and practices of this Court at or before a certain time to be fixed by the Monition.

(3) Upon the approval of the Letter of Undertaking as Ad Interim Stipulation for Value with, or the giving of such stipulation as may be determined by the Court to be proper, an Injunction shall issue restraining and enjoining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained arising out of or resulting from the Incident hereinbefore described and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, including, but not limited to, the continuance of the present arrest, except in the present proceedings, against the Petitioner, the M/V YANGZE 7, or their agents or representatives, or any other person whatsoever for whom the Petitioner may be responsible with respect to any claim or claims arising out of the aforesaid activities.

(4) This Court issue a notice to all persons asserting claims with respect to which this Verified Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioner a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(5) This Court adjudge, after due proceedings, that Petitioner is not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or

for any claim therefor in any way arising out of or resulting from the aforesaid Incident;

(6) Alternatively, if Petitioner shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioner's interest in the M/V YANGZE 7, as aforesaid, at the time of the Incident, that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioner and its underwriters from all further liability; and

(7) Petitioner have such other and further relief as may be just and appropriate under the circumstances.

[signature on next page]

Respectfully submitted,

By: */s/ Kevin P. Walters*

Kevin P. Walters
State Bar No. 20818000
Federal I.D. No. 5649
kevin.walters@roystonlaw.com
Richard A. Branca
State Bar No. 24067177
Federal I.D. No. 828076
richard.branca@roystonlaw.com
Eugene W. Barr
State Bar No. 24059425
Federal I.D. No. 1144784
eugene.barr@roystonlaw.com
Dimitri P. Georgantas
State Bar No. 07805100
Federal I.D. No. 2805
dimitri.georgantas@roystonlaw.com
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1415 Louisiana Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR PETITIONER**
**LADON SHIPPING PTE. LTD.**

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE THE COMPLAINT AND PETITION OF LADON SHIPPING PTE. LTD, AS OWNER OF THE VESSEL YANGZE 7, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **C.A. NO.** |

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Kevin P. Walters, who being duly sworn, deposed and stated as follows:

> "I am an attorney for Petitioner Ladon Shipping Pte. Ltd. in connection with the referenced matter. I have read the foregoing Verified Complaint and Petitioner in a Cause of Exoneration From or Limitation of Liability, Civil and Maritime, and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based upon documentation and information I received which was provided to me by Petitioner. The reason that I make this verification instead of Petitioner is that Petitioner does not have officers or directors within this District."

Kevin P. Walters

SUBSCRIBED AND SWORN to before me on the 24th day of July, 2024.

SYLVIA L. COOPER
My Notary ID # 2652944
Expires January 4, 2028

Notary Public in and for the
State of Texas

67266:48001049